**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **DEL-RIO SWINK**., | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) |
| | )     **Cause No**.: 4:25-cv-00569 |
| | ) |
| **THOMAS LOVE, et al.** | ) |
| | ) |
|     Defendants. | ) |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CITY OF ST. LOUIS'S MOTION FOR SUBSTITUTION OF PARTIES

Plaintiff Del-Rio Swink asks this Court to deny Defendant City of St. Louis's (hereinafter referred to as "the City") Motion to Substitute the members of the newly appointed State Board for the City. Doc. 23. While Plaintiff expresses no opinions on whether the State Board can file a motion to intervene, the City is a properly named Defendant and should not be excluded from the instant suit.

### FACTUAL BACKGROUND

From the Civil War era until 2012, the City's police force was under the governance and control of a State Board of Police Commissioners. *State ex rel. Hawley v. City of St. Louis*, 531 S.W.3d 602, 604 (Mo. Ct. App. 2017). On November 6, 2012, the people of Missouri voted on Proposition A, a statewide ballot initiative to amend the laws of the State to allow any city not within a county (such as the City of St. Louis) the option of transferring certain obligations and control of the city's police force from the board of police commissioners currently appointed by the governor to the city and establishing a municipal police force. *See id*.; 2012 Ballot Measures, MO. SEC'Y STATE,

Page **1** of **8**

https://www.sos.mo.gov/elections/2012ballot (last accessed Aug. 7, 2025). Proposition A

passed with 63.9% of the state population in favor, enacting a Statutory Amendment to the

Revised Statutes of Missouri, Chapters 83, 84, 86, and 105 (the Local Control Law).

*Hawley*, 531 S.W.3d at 604; Chris King, *Prop Results: Local control passes*, ST. LOUIS

AMERICAN (Nov. 7, 2012), https://www.stlamerican.com/news/local-news/prop-results-

localcontrol-passes/. Under this period of Local Control, the City was authorized to

establish its municipal police force and did so in 2013. *Hawley*, 531 S.W.3d at 604.

This spring, the Missouri Legislature launched an ultimately-successful effort to

bring St. Louis Metropolitan Police Department ("SLMPD") back under state control

through House Bill 495 (the Bill or HB 495), which was passed by the General Assembly on

March 12, 2025. The governor signed the Bill into law on March 26, 2025, repealing the

Local Control Law and dictating that the City's Police Force will be placed under the

governance and control of a newly formed State Board of Police Commissioners. *See* RSMo.

§ 84.020 (2025).

Ms. Swink was improperly transported and injured by SLMPD officers Alfred

Allmon, Trevor Krepps, and Kristine Stark in November of 2022. Doc. 01. In fact, all events

described in Ms. Swink's complaint took place in 2022, well before RSMo. § 84.020 *et seq.*

was signed into law. In her complaint, Ms. Swink alleged that the City knew SLMPD failed

to safely transport people with physical disabilities post-arrest, and despite this, the City

failed to implement any practices or customs that would allow for post-arrest

transportation compliant with Title II of the Americans with Disabilities Act (the "ADA").

Doc. 01.

**LEGAL STANDARD**

Defendant cites Federal Rule of Civil Procedure 25 as the legal basis justifying

substitution of the State Board for the City. Doc. 23. Rule 25 discusses four situations

where substitution can occur: Death, Incompetency, Transfer of Interest, and Public Officers; Death or Separation from Office. *See* Rule 25. Defendant relies only on 25(c), addressing Transfer of Interest. Rule 25(c) reads "If an interest is transferred, the action *may be continued by or against the original party* unless the court, on motion, orders the transferee to be substituted in the action *or joined with the original party*." (emphasis added).

Rule 25(c) further states that a motion under Rule 25(c) must be served as provided by Rule 25(a)(3), which in turn mandates: "A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." Defendant's Motion to Substitute contained no notice of hearing, so Plaintiff has filed a notice of hearing alongside this motion. Doc. 25.

## ARGUMENT

### I.    The City of St. Louis is the proper defendant for Plaintiff's ADA claims.

The City is a proper Defendant because it is liable for its own failures. The City undisputably had control over SLMPD at the time Ms. Swink was injured during the improper post-arrest transport. Police departments must abide by the provisions of Title II of the ADA as they "fall squarely within the definition of 'public entity.'" *Gorman v. Bartch*, 152 F.3d 907, 912 (8th Cir. 1998). As such, SLMPD, under the direction of the City, was required to ensure that all individuals, regardless of disability status, can benefit from the service of a safe post-arrest transportation. *Id.* The City knowingly failed to implement any such policy despite knowing that SLMPD routinely transports people with disabilities in an unsafe manner. The City is therefore liable for Ms. Swink's injuries.

II.    **Substitution of the City for the State Board is improper.**

As Defendant states in its motion, the earliest possible date that the State Board assumed control of SLMPD is March 26, 2025. *See* Doc. 23, citing RSMo. § 84.020 (2025).[1] The actions of the City that form the basis for liability in the instant case took place in 2022, a time when the parties agree that the City had control over the municipal police department through its Public Safety Department. It is also undisputed that the City continues to exist. Defendant fails to cite any authority supporting its position that a still-existing defendant entity should be substituted for an entirely new defendant entity which did not exist at the time the events giving rise to the pending lawsuit occurred.

A. *RSMo. § 84.325.3 does not transfer interest from the City to the State Board.*

As a preliminary matter, Defendant has not established that interest has been transferred to the State Board. Defendants cite only Mo. Rev. Stat. 84.325.3 as the basis for transfer, which reads: "[T]he state shall accept responsibility, ownership, and liability as successor-in-interest for contractual obligations and other lawful obligations of the municipal police department." RSMo. § 84.325.3 (2025).

This case does not create an obligation of the municipal police department, it creates a direct obligation of the City. Plaintiff did not (and could not) sue the municipal police department. *Diggs v. City of Osceola*, 270 Fed. Appx. 469 at \*1 (8th Cir. 2008), citing *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (police department was simply subdivision of city government and not juridical entity suable as such).

The State Board's claim that Section 84.325.3 transfers liability to the Board is incorrect. In actuality, the statutory language as written constitutes a waiver of sovereign

---

[1] The legislation also requires that the State Board be confirmed by the Missouri Senate, which has not yet taken place.

immunity by the State. That is to say, if Section 84.325.3 were construed to affect the City's

liability for police-related claims, by its plain text, Section 84.325.3 would make the State of

Missouri the successor-in-interest, not the State Board. This is because Section 84.325.3

simply instructs the State to accept financial responsibility *in addition* to the financial

responsibility already held by the City. The statute does not release the City from

responsibility, ownership, or liability for police-related legal claims.

### B. *Even if the interest has been transferred, substitution is not warranted or required.*

Rule 25(c) does not require a substitution of parties even assuming *arguendo* that

Section 84.325.3 transfers interest to the State Board. Rather, Rule 25(c) instructs that a

transfer in interest can result in any of the following procedural actions: the original party

remaining in the action alone, the new transferee being substituted, or both the original

party and the transferee in interest being joined. Thus, Rule 25(c) "does not require that

anything be done after an interest has been transferred." *See* 7C Wright, Miller & Kane,

Federal Civil Procedure (hereinafter "Wright & Miller") § 1958 at 555 (2d ed. 1986).

Defendant has not established why substitution is the correct remedy under Rule

25(c) as opposed to joinder or no action at all. Defendant cites no case law analyzing how a

district court should use its discretion to decide when a later-created entity should be

substituted under Rule 25(c) where the originally sued party continues to exist.

The sparse case law on this subject suggests that it is in the interest of equity to

have all potentially liable parties involved in an action rather than excusing some parties

arbitrarily. *Couf v. Equitable Life Assurance Society of the United States*, No. 03-1061

(JNR/JGL), 2003 WL 27384629 (D. Minn. Dec. 17, 2003) ("Substitution may be permitted as

long as it will not affect either party's substantive rights." (citing *ELCA Enterprises, Inc. v.*

*Sisco Equipment Rental & Sales, Inc.*, 53 F.3d 186, 191 (8th Cir. 1995)); *Moody v. Albemarle Paper Co.*, 50 F.R.D. 494, 497 (E.D.N.C. 1970) ("[Plaintiff] should be allowed to pursue his alleged claims for relief against the party defendant even though his course of pursuit may lead him through that dark and dismal forest known to all as the corporate reshuffle.")

Defendant has not asked, and thus Plaintiff expresses no opinion on, whether the State Board could properly join the instant lawsuit. While Plaintiff may or may not oppose the State Board joining the lawsuit, this line of reasoning is irrelevant because such a request is not yet before the Court. The only request the Board Members have made is to "tak[e] the place of the City of St. Louis." Plaintiff opposes such a substitution.

**C.** ***Substituting the state Board as an underhanded attempt to raise immunity to suit is inequitable and inappropriate.***

Plaintiff further opposes removal of the City from the instant action as the substitution could very well be an attempt to avoid liability altogether.[2]

When SLMPD was previously under state control, the State made repeated, unsuccessful attempts to argue that the State Board enjoyed Eleventh Amendment Immunity as an arm of the state. *Auer v. Robbins*, 519 U.S. 452, 456 n. 1 (1997); *Thomas v. St. Louis Bd. of Police Comm'rs*, 447 F.3d 1082 (8th Cir. 2006). Although the United States Supreme Court explicitly held in *Auer* that the State Board governing SLMPD was not an arm of the state for Eleventh Amendment Immunity purposes, the Missouri Attorney General's office still advanced that argument throughout the entire last period of state control despite repeated opinions in the Eastern District of Missouri finding binding caselaw dictated otherwise. *Taylor ex rel. Taylor v. Isom*, No. 4:11-CV-1351 CAS, 2013 WL 1867106 at *3 n. 2 (E.D. Mo. May 2, 2013) ("In recent years, this Court has denied motions

---

[2] Plaintiff recognizes that Board's Motion to Substitute is silent on this issue.

to dismiss or for summary judgment that asserted Eleventh Amendment immunity on behalf of St. Louis police officers or the St. Louis Board of Police Commissioners in numerous cases, in at least five of which the Missouri Attorney General's Office was counsel of record.").

Amplifying Plaintiff's concerns are other recent actions where similar attempts to avoid paying judgments have occurred. Indeed, Judge James Dowd of the Missouri Appellate Court of Appeals, Eastern District, recently held that the efforts of the City of St. Louis and the State of Missouri to each avoid paying a judgment rendered against an officer resembled a game of "three card monte." The plaintiff was left holding the bag while each governmental entity advanced a different reason to avoid liability. *Holmes v. Zellers*, ED112676 (Mo. App. E.D. 2025).[3]

It would be deeply inequitable to allow the City to escape the instant lawsuit, and then allow the State Board to assert a new immunity for the City's actions that injured Ms. Swink. This is especially concerning considering all relevant events in the instant case took place during local control. *ELCA Enters., Inc.*, 53 F.3d at 191 (holding a substitution of parties which "punish[] the plaintiff and reward[] the defendants" for a transfer of interest may be inappropriate).

## CONCLUSION

Because there is no compelling basis in law to justify the City of St. Louis escaping liability for its actions, Plaintiff requests that the City of St. Louis remain as a Defendant. Plaintiff thus respectfully requests that the Court deny Defendant's motion to substitute

---

[3] Should the State Board then make such a motion, Plaintiffs would argue that the motion fails as a matter of law. Not only based on prior Eighth Circuit precedent, but also because the plain text of RSMo. § 84.325.3 (2025) waives Eleventh Amendment immunity.

the newly appointed members of the State Board for the City of St. Louis. Plaintiff expresses no opinion on joinder of the State Board at this time.

Plaintiff additionally requests this Court to set a hearing to discuss this issue with the parties pursuant to Rule 25(c) and in accordance with Plaintiff's Notice of Hearing (Doc. 25).

**Dated:** August 20, 2025                                    Respectfully Submitted,

                                                                **ARCHCITY DEFENDERS, INC.**

                                                                */s/ Ebony A. McKeever*
                                                                Maureen Hanlon, #70990MO
                                                                Ebony McKeever, #77050MO
                                                                440 N. 4th Street, Suite 390
                                                                Saint Louis, MO 63102
                                                                855-724-2489
                                                                314-925-1307 (fax)
                                                                mhanlon@archcitydefenders.org
                                                                emckeever@archcitydefenders.org

                                                                ***Attorneys for the Plaintiff***