UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEL-RIO SWINK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-CV-569-ZMB |
| | ) | |
| THOMAS LOVE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on several pending motions that relate to the St. Louis Board of Police Commissioners's Motion to Substitute Parties. Doc. 23. For the following reasons, the Court denies as moot Plaintiff Del-Rio Swink's Motion for Attorney Fees, Doc. 21; grants Swink's Motion for Hearing, Doc. 26; grants in part Defendant City of St. Louis's Motion for Limited Appearance, Doc. 29; and grants the City's Motion for Extension of Time to File Answer, Doc. 30. The Court will rule on the Motion to Substitute Parties after the forthcoming hearing.

**DISCUSSION**

**I.      Motion for Attorney's Fees**

On July 31, 2025, Swink filed her motion for attorney's fees for failure to waive service. Doc. 21. Swink claims that, following the filing of this lawsuit, she sent a waiver of service to the St. Louis City Counselor's Office, which belatedly responded by directing her to the Missouri Attorney General's Office (AGO). Doc. 21 ¶¶ 1–9. After the AGO failed to respond regarding waiver of service, Swink arranged for the relevant parties to be served at the cost of $215, *id.* ¶¶ 11–14, and she seeks repayment of those costs under Federal Rule of Civil Procedure 4, *id.* ¶¶ 22–23. Nearly a month later, the AGO filed a response, indicating it had agreed to pay the costs of service. Doc. 27. Thus, the Court denies as moot Swink's motion for attorney's fees.

**II.     Motion for Hearing**

On August 20, 2025, Swink filed a Motion for Hearing in connection with the Board's Motion for Substitution of Parties. Doc. 26. This Court grants the motion and sets the hearing for October 3, 2025, at 1 p.m. in Courtroom 14-South. By October 1, Swink, the City, and the AGO must each file a brief of no more than ten pages addressing: (1) the specific claims Swink's complaint asserts against the City and whether the Board is a proper substitute; (2) whether there are any potential liabilities that the City could incur in this lawsuit that would not be transferred to the State of Missouri under Missouri Revised Statutes § 84.325.3; (3) the potential for a state sovereign immunity defense for the Board members; and (4) any other significant issues related to substitution. In addition, counsel must be prepared to provide a detailed overview of the case to date.

**III.    Motion for Limited Appearance**

On September 5, 2025, Associate City Counselor Abby Duncan entered a limited entry of appearance on behalf of the City for the purpose of filing a Motion for Extension of Time to File an Answer. Doc. 29. The entry was later redesignated as a motion. The Court will grant the motion in part because it expects her to participate in the hearing on the Board's Motion to Substitute and potentially to continue her representation depending on the Court's resolution of that issue.

**IV.    Motion for Extension of Time to File Answer**

Consistent with its request for a limited appearance, the City filed a consent motion for an extension of time to file a responsive pleading until the Court decides the Motion to Substitute, given the impact a potential substitution would have on the City's litigation position. Doc. 30 ¶¶ 4–7. Particularly considering that Swink consents to this request, the Court grants the motion. The deadline for the City to file a responsive pleading is stayed until 14 days after the Court rules on the Motion for Substitution of Parties.

## CONCLUSION

Accordingly, the Court **DENIES** as moot Swink's [21] Motion for Attorney Fees, **GRANTS** Swink's [26] Motion for Hearing, **GRANTS** in part the City's [29] Motion for Limited Appearance, and **GRANTS** the City's [30] Motion for Extension of Time to File Answer.

So ordered this 24th day of September 2025.

_____
ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE