UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEL-RIO SWINK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:25-CV-569-ZMB |
| ) | |
| THOMAS LOVE, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the St. Louis Board of Police Commissioners's Motion for Substitution of Parties and subsequent request to withdraw that motion, Docs. 23, 34, as well as Defendant City of St. Louis's Motion to Substitute Parties, Doc. 42. Given the Board's withdrawal of consent and the potential prejudice that substitution could cause Plaintiff Del-Rio Swink, the Court denies the motions to substitute and denies as moot the Board's motion to withdraw.

## BACKGROUND

**I.     Factual Background**

These instant motions are the latest salvo in a long-running battle between the City of St. Louis and the State of Missouri over the St. Louis Metropolitan Police Department (SLMPD). In 2012, a ballot initiative paved the way for a locally controlled police department to replace the existing state-controlled Board of Police Commissioners. *State ex rel. Hawley v. City of St. Louis*, 531 S.W.3d 602, 604 (Mo. Ct. App. 2017). The referendum required the City to "adopt an ordinance accepting responsibility, ownership, and liability as successor-in-interest for contractual obligations, indebtedness, and other lawful obligations of the board of police commissioners," Mo. Rev. Stat. § 84.344 (2012), which it did in 2013, St. Louis, Mo., Rev. Code ch. 3.12.005 (2013).

Perhaps unsurprisingly, a disagreement arose as to whether the City had to accept *all* of the Board's liabilities as its successor-in-interest. Missouri courts broadly answered yes, requiring the City to accept the Board's obligations to indemnify former officers, among other liabilities. *See, e.g.*, *Holmes v. Steelman,* 624 S.W.3d 144, 147 (Mo. banc 2021); *Banks v. Slay*, 875 F.3d 876, 880 n.7 (8th Cir. 2017) (noting the City's concession that it was the successor-in-interest to judgments incurred by the Board). Efforts to recover on those old liabilities are still ongoing. *Holmes v. Zellers*, 2025 WL 2110585, at *6 (Mo. Ct. App. July 29, 2025) (noting that the litigation over responsibility for judgments "resembles three card monte"), transfer granted (Mo. Nov. 4, 2025).

After more than a decade of local oversight, the Missouri General Assembly enacted a statute reasserting state control over the SLMPD in March 2025. M<small>O</small>. R<small>EV</small>. S<small>TAT</small>. § 84.325. Using nearly identical language to the prior law transferring control to the City, the statute decrees that the State would "accept responsibility, ownership, and liability as successor-in-interest for contractual obligations and other lawful obligations of the municipal police department." *Compare id.*, *with* M<small>O</small>. R<small>EV</small>. S<small>TAT</small>. § 84.344.4 (2012). While the State initially agreed that the Board members[1] should be substituted in place of the City for the purposes of pending litigation across a number of different cases, it reversed course after this Court issued an order finding that the State had not assumed liabilities for injuries caused by the SLMPD during local control. Doc. 34 (citing *Clark v. City of St. Louis*, No. 4:21-CV-788-JMD, Doc. 212 (E.D. Mo. Sept. 30, 2025)); *see also Gatlin v. Welle*, No. 4:25-CV-43-ACL, 2026 WL 60356, at *3 (E.D. Mo. Jan. 5, 2026) (concluding that "the statute did not transfer *all* of the City's liabilities to the State"). And now that "the shoe is on the other foot," the City has similarly insisted across multiple cases that the transfer of control brings with it the assumption of liabilities. *See, e.g.*, Doc. 40 at 32; *Welle*, 2026 WL 60356, at *2.

---

[1] The Board itself is a non-suable entity. *Edwards v. Baer*, 863 F.2d 606, 609 (8th Cir. 1988). As such, jurisdiction over the Board may be obtained only by suing the Board members in their official capacity. Doc. 23 ¶ 9. Any references to the Board should be construed as references to the Board members in their official capacity.

## II. Procedural Background

Swink filed her Complaint in April 2025 for injuries she allegedly sustained during an arrest at a local Walgreens. Doc. 1. at 1–2. Swink claims that, after she had an argument with a pharmacy clerk, an off-duty police officer working as a security guard told her leave the store and then suddenly "toppled" her to the ground and arrested her when she insisted on waiting for a prescription. *Id.* at 4–6. When the SLMPD arrived at the store, Swink informed officers of her peripheral neuropathy and degenerative joint disease, but they purportedly did not accommodate her, causing further injuries during a "rough ride" in an SLMPD transport. *Id.* at 8–12. As a result of this episode, Swink asserts excessive-force and negligence claims against the security guard, a respondeat superior clam against Walgreens, and an Americans with Disabilities Act (ADA) claim for failing to accommodate her disabilities during the transport. *Id.* at 13–20.

The Board filed a motion to substitute itself for the City about four months into the case, following the SLMPD's return to State control. Doc. 23; *see also* Doc. 33. After the ruling in *Clark*, however, the Board filed a motion to withdraw its prior request for substitution. Doc. 34. The Court conducted a hearing on substitution and related issues, and the parties submitted thorough post-hearing briefs. Docs. 44–47. The City also filed its own motion to substitute, Doc. 42, which Swink likewise opposed, Doc. 48.

## LEGAL STANDARD

Federal Rule of Civil Procedure 25(c) "permits substitutions when an interest is transferred during a lawsuit." *ELCA Enters. v. Sisco Equip. Rental & Sales*, 53 F.3d 186, 191 (8th Cir. 1995) (internal alterations omitted). This procedure allows "an action to continue unabated when an interest in a lawsuit changes hands, rather than requiring the initiation of an entirely new lawsuit." *Id.* (citation omitted). "The decision whether to substitute parties lies within the discretion of the trial judge and he may refuse to substitute parties in an action even if one of the parties so moves." *Froning's, Inc. v. Johnston Feed Serv.*, 568 F.2d 108, 110 n.4 (8th Cir. 1978).

3

**DISCUSSION**

Based on the unique circumstances of this case, the Court finds that substitution under Rule 25(c) is not appropriate. Even ignoring the complex questions of statutory construction addressed in *Clark*, substitution is not the appropriate mechanism for adding the Board given the State's withdrawal of consent. Further, the City fails to demonstrate that it cannot be held at least partially liable for judgments against the Board—and even seems to acknowledge it may be responsible for some of the tab if it exceeds $2M per year, *see* Doc. 47 at 1–2, *see also* MO. REV. STAT. § 84.120.1 (requiring cities to appropriate funds for police boards). As such, allowing the City to be substituted out of the case would unduly prejudice Swink. That said, the City remains free to pursue dismissal, and nothing in this decision should not be read to foreclose other mechanisms of adding the Board, such as an amended complaint, joinder, or impleader.

The most significant roadblock to substitution is the new position taken by the Board. While previously asserting that it was the successor-in-interest to the City under MO. REV. STAT. § 84.325, *see* Docs. 23, 33, the Board now accepts responsibility for only those obligations arising *after* the SLMPD returned to state control, Doc. 46. The Court has been unable to locate any authority supporting the propriety of substituting a successor-in-interest over the objections of the alleged successor, particularly where the adverse party also opposes substitution.[2]

Substitution is further complicated by the State's position that the Board has sovereign immunity against official capacity claims. Doc. 46 at 4–6. The key feature of a "substituted party" is that it "merely steps into the same position of the original party." *C.F.C.S. Invs., LP v.*

---

[2] In any case, a defining feature of Rule 25(c) is that it is a *procedural* measure. Even absent substitution, if a party is later found to be a successor-in-interest, "the judgment will be binding on the successor in interest even though the successor is not named." 7C WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1958 (3d ed. 1998); *see also In re Covington Grain Co.*, 638 F.2d 1357, 1361 (5th Cir. 1981) (noting Rule 25(c) "is procedural only and does not affect the substantive rights of the parties"). If the Board is later determined to be a successor in interest, any judgment obtained against the City automatically would transfer and be binding upon the Board.

4

*Transamerica Occidental Life Ins. Co.*, No. 4:16-CV-396-JAR, 2017 WL 282403, at *2 (E.D. Mo. Jan. 23, 2017) (quotation omitted); *see also ELCA Enters.* 53 F.3d at 191 n.5 (emphasizing that a substituted party "assumes an identical position . . . in the lawsuit"). But the Board would not simply be stepping into the City's shoes because it can (and intends to) assert a defense otherwise unavailable to the City. As such, allowing substitution risks prejudicing Swink. *Couf v. Equitable Life Assurance Soc'y*, 2003 WL 27384629, at *2 (D. Minn. Dec. 17, 2003) ("Substitution may be permitted as long as it will not affect either party's substantive rights." (citing *ELCA Enters.* 53 F.3d at 191); *cf. Potvin v. Speedway LLC*, 891 F.3d 410, 416 (1st Cir. 2018) (affirming substitution where plaintiff was unable to show "so much as a smidgen of prejudice stemming from the substitution of parties"). Further, the City seems to concede that it may be responsible for at least some portion of the judgments against the Board, and seek reimbursement from the State. *See* Doc. 47 at 1–2, Mo. Rev. Stat. § 84.120.1. Accordingly, substitution would be inappropriate given the prejudice to Swink.

Moreover, under Title II of the ADA, it is at least theoretically possible for claims to proceed against **both** the Board (as successor-in-interest to the SLMPD) and the City (as a policymaker above the SLMPD). *See* 42 U.S.C. § 12131 (1) (defining "public entity" as including both "any State and local government" as well as "any department, agency, special purpose district or other instrumentality of a State or States or local government"). The Eighth Circuit in *Gorman v. Bartch*, held that "[a] local police department falls squarely within the [ADA's] statutory definition of [a] public entity." 152 F.3d 907, 912 (8th Cir. 1998) (internal quotation marks omitted).[3] Both Swink and the City agree that the SLMPD, represented by the individual Board members in their official capacity, could potentially have been named as a defendant in this suit.

---

[3] The plaintiff in *Gorman* brought his claim against the Kansas City Board of Police Commissioners, not the Kansas City Police Department itself. 152 F.3d at 909.

5

*See* Doc. 45 at 2; Doc. 44 at 5. While the City focuses some of its arguments on the reasons Swink allegedly fails to adequately plead liability as to the City, Doc. 6 at 6; Doc. 47 at 2–3, she plainly has attributed responsibilities to "policymakers in the City of St. Louis," Doc. 1 at 16–17, and if the City believes those allegations are insufficient, it can advance that argument in in a motion to dismiss. Given that these claims at least theoretically could proceed against both the Board and the City, it would be inappropriate to substitute the City out of this lawsuit at this time.

## CONCLUSION

Accordingly, the Court **DENIES** the Board of Police Commissioners's [23] Motion for Substitution of Parties and Defendant City of St. Louis's [42] Motion to Substitute Parties. Further, the Court **DENIES** as moot the Board's [34] Motion to Withdraw. Consistent with the Court's previous order, Doc. 31, the City must file its response to the Complaint no later than February 6, 2026.

So ordered this 23rd day of January 2026.

_____
ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE